Filed 12/5/22 P. v. Mendoza CA6
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARTURO MENDOZA,<br><br>    Defendant and Appellant. | H047430<br>(Santa Clara County<br>Super. Ct. No. 159891) |

Defendant Arturo Mendoza was convicted by a jury in 1993 of first degree murder (Pen. Code, §§ 187, subd. (a), 189, subd. (a)),[1] attempted robbery (§§ 664/211, 212.5, subd. (a)), and first degree burglary (§§ 459, 460, subd. (a)), and the jury found true the felony-murder special circumstance allegations that the murder was committed during an attempted robbery and a burglary (former § 190.2, subd. (a)(17)(i), (vii))[2] and the allegation that defendant personally used a firearm during the commission of the offenses (§ 12022.5, subd. (a)). It was undisputed that defendant was not the actual killer; defendant was prosecuted as an aider and abettor to the murder. In finding the felony-murder special circumstance allegations true, the jury determined that defendant was a major participant in the underlying felonies who acted with reckless indifference to

---

[1] All further statutory references are to the Penal Code

[2] Currently section 190.2, subdivision (a)(17)(A), (G).

human life. The superior court sentenced defendant to life without the possibility of parole consecutive to four years for the firearm enhancement. This court affirmed the judgment in 1995.

In 2019, defendant filed a petition for resentencing pursuant to former section 1170.95 (now § 1172.6). (Stats. 2018, ch. 1015, § 4.) Former section 1170.95, like section 1172.6, allowed individuals convicted of felony murder or murder under the natural and probable consequences doctrine to petition the superior court to vacate the conviction under recent changes to the law that limited the scope of the felony murder rule to individuals who were major participants in the underlying felony who acted with reckless indifference to human life, and eliminated the natural and probable consequences theory of liability for murder. After briefing and argument by the parties, the superior court denied the petition, determining that the jury's special circumstance findings barred entitlement to relief.

Defendant challenged the denial of his petition. He contended that the felony-murder special circumstance findings (§ 190.2, subd. (a)(17)) that were made by the jury in 1993, before the California Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which construed the felony-murder special circumstance statute, do not preclude him from making a prima facie showing of eligibility for relief under former section 1170.95. We reversed the superior court's order, and the California Supreme Court granted review and held this case pending its decision in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). After it decided *Strong*, it remanded this case for reconsideration in light of *Strong*. We conclude that *Strong* requires us to reverse the court's order and remand with directions to issue an order to show cause.

2

# I.    FACTUAL AND PROCEDURAL BACKGROUND

## A.    *Factual Background*[3]

On January 3, 1992, defendant, codefendant Jesus Antonio Mandujano, and a man named "Arellano" forced their way into Sacramento Benitez's home, where he lived with several family members, while one or more individuals waited outside. All three intruders had handguns. Benitez ran into his bedroom, with Mandujano and perhaps Arellano in pursuit, and attempted to close the door. Mandujano fired one shot through the bedroom door, killing Benitez. The three intruders fled.

Defendant and three others had planned to commit a robbery at Benitez's home. Defendant and his cohorts had gone to the house on an earlier occasion to determine whether it was the right home and how many people were there. Defendant had asked for directions and a glass of water.

When they returned to the home, defendant actively helped Mandujano push the front door open while Benitez's sister resisted. Defendant then stood inside the door, inferably using his pistol in an attempt to neutralize Benitez's sister, while Mandujano pursued Benitez down the hallway.

Benitez's sister testified that after defendant entered the home, "he stayed over to his side by the doorway." At some point she saw that defendant had "something white" that he pointed at her ribcage, "but [she] never knew what it was." Benitez's sister explained that "ever since that other man was there down there with my brother I had all my attention in that direction and I wasn't paying attention to this other." On cross-examination, she stated that she "couldn't say if it was a gun or a knife" that defendant held in his hand.

---

[3] These facts are based on this court's opinion affirming the judgment in case No. H012250. The opinion was an exhibit to the district attorney's opposition to defendant's former section 1170.95 petition.

3

Defendant testified that a man named "Jicamo" had given him a gun, and that he had the gun with him when he entered the home the second time.[4]

### B.   *Procedural History*

#### 1.  Trial Proceedings

Defendant was charged with first degree murder with felony-murder special circumstance allegations that the murder was committed during an attempted robbery and a burglary.  Defendant was also charged with attempted robbery and first degree burglary, and it was alleged that defendant personally used a firearm during the commission of the offenses.

Defendant was tried in 1993.  As relevant here, the jury was instructed on aider and abettor liability with CALJIC No. 8.27 for first degree felony murder and with CALJIC No. 3.02 on the natural and probable consequences doctrine.  Regarding the felony-murder special circumstance allegations, the jury was instructed, "If you find that a defendant was not the actual killer of a human being, you cannot find the special circumstance to be true as to that defendant unless you are satisfied beyond a reasonable doubt that such defendant with reckless indifference to human life and as a major participant, aided, abetted, or assisted in the commission of the crime of attempted robbery or burglary which resulted in the death of a human being."  At defendant's request, the jury was further instructed, "For you to find that defendant . . . acted with reckless indifference to human life you must be satisfied beyond a reasonable doubt that he actually subjectively appreciated the life threatening risk created by his conduct and acted with conscious disregard for human life."

The jury found defendant guilty as charged and found the special circumstance and firearm allegations true.  The superior court sentenced defendant to life without the

---

[4] There is no additional information regarding defendant's testimony in this court's opinion in case No. H012250.

4

possibility of parole consecutive to four years for the firearm enhancement, imposing and staying sentences on the remaining counts.

## 2. Direct Appeal

This court affirmed the judgment in 1995. Among other issues, this court determined that the trial court had a sua sponte duty to instruct the jury that " 'reckless indifference to human life,' " as used in the felony-murder special circumstance statute, " 'requires that a defendant who is an aider and abettor, and not the actual killer, knowingly engage in criminal activities known to carry a *grave* risk of death,' " but that the court's instruction that "the aider and abettor had to personally appreciate that his actions constituted a threat to human life but nevertheless acted with conscious disregard for human life" did not prejudice defendant based on the evidence in the record. (Italics added.) This court also determined that defendant's sentence did not constitute cruel and/or unusual punishment because the record showed that defendant was " 'an active and major participant in the robbery' " and that "[i]t is both rational and fair to infer that [defendant] understood the significance of his role as he played it."

## 3. Habeas Proceedings in the Superior Court and this Court

In March 2016, defendant filed a petition for writ of habeas corpus in the superior court contending that there was insufficient evidence to support the felony-murder special circumstance findings under *Banks*. The superior court denied the petition, distinguishing *Banks* and determining that "*Banks* has no effect on [defendant's] case." Implicitly concluding that there was sufficient evidence in the record that defendant was a major participant in the underlying felonies, the court found that defendant "scoped out the house, assisted in pushing in the front door with force to gain entry, and held another person at gunpoint inside the house when the victim was shot and killed down the hallway." The court also stated that this court had "concluded [in the direct appeal] that [defendant] was an active and major participant in the robbery."

The superior court also distinguished this case from *Banks* "as to the showing of 'reckless indifference.' " The court found that defendant "was at the scene of the robbery, used force in opening the door while the victims were attempting to bar entry, entered the home armed with a weapon, and used the weapon against one of the victims. [Defendant] unlike the [getaway] driver in *Banks* clearly knew deadly force was being used." The superior court also stated that this court had determined in the direct appeal that the jury could find that defendant "had the requisite subjective awareness and understood the risk involved."

In May 2016, defendant filed a petition for writ of habeas corpus in this court contending that there was insufficient evidence to support the special circumstance findings under *Banks*. This court summarily denied the petition on June 3, 2016.

In April 2018, defendant filed a petition for writ of habeas corpus in the superior court contending that under the California Supreme Court's decision in *People v. Chiu* (2014) 59 Cal.4th 155 (*Chiu*), his first degree murder conviction under the natural and probable consequences doctrine was invalid. The superior court issued an order to show cause "[b]ecause [although] the special circumstances verdicts demonstrate that the jury made the findings which would bring this case within the felony-murder rule," rendering any *Chiu* error harmless, such a determination "presupposes the validity of those special circumstances findings" under *Banks* and *Clark*. Approximately one month after issuing the order to show cause, the superior court denied the petition, stating that it had been unaware of the court's earlier determination of defendant's petition under *Banks*, which it found precluded its review of the same issue, and determining that any *Chiu* error was harmless.

In July 2018, defendant filed a petition for writ of habeas corpus in this court, raising the same claim under *Chiu*. This court summarily denied the petition.

6

## 4. Former Section 1170.95 Proceedings

In 2019, defendant filed a former section 1170.95 petition in the superior court. The petition consisted of a three-page preprinted form, two pages of which were a declaration defendant signed under penalty of perjury. Among other boxes, defendant checked boxes on the form declaring that "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine"; "[a]t trial, [he] was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine"; and he "could not now be convicted of 1st or 2nd degree murder because of changes made to . . . §§ 188 and 189, effective January 1, 2019." In addition, defendant checked boxes declaring that he "was not the actual killer"; he "did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree"; and he "was not a major participant in the felony **or** . . . did not act with reckless indifference to human life during the course of the crime or felony." Defendant requested counsel.

The superior court appointed counsel to represent defendant. The district attorney filed two oppositions to the petition, consisting of a constitutional challenge to former section 1170.95 and an opposition to the petition's merits. On the petition's merits, the district attorney conceded that defendant was not Benitez's actual killer, but argued that defendant was ineligible for relief because the jury determined that defendant was a major participant who acted with reckless indifference to human life when it found the special circumstance allegations true, a finding that was not disturbed on appeal or in defendant's habeas cases. The district attorney also asserted that defendant's "bare bones declaration," "with no independent objective corroboration," was insufficient to establish a prima facie claim for relief; defendant was estopped from challenging the special circumstance findings; and defendant could be convicted of murder under current law.

7

Defendant replied to the district attorney's oppositions. On the petition's merits, defendant contended that he had met the prima facie requirements of former section 1170.95 by filing a declaration stating eligibility for relief under subdivision (a)(3); he was not estopped from obtaining relief because the issues raised in his petition were not the same as those previously litigated; and he could not be convicted of murder under current law.

After another round of briefing by both parties, defendant filed a supplemental petition for resentencing. Defendant stated that he was convicted of first degree murder under the theory that he aided and abetted an attempted robbery and burglary and that the "only instructions for the murder charge as it related to [defendant] was aiding and abetting under the natural and probable consequence rule." Defendant asserted that the evidence did not show that he "committed any murder . . . , intended any murder . . . , or acted with reckless indifference to human life . . . , as would be required for aiding and abetting murder and for a conviction" under current law. Defendant stated that the jury did not find when determining his guilt of murder, as opposed to the special circumstance allegations, that he was a major participant in the attempted robbery or burglary and acted with reckless indifference to human life. Defendant asked the superior court to issue an order to show cause.

The superior court denied the petition, determining that it was not possible for defendant to show entitlement to relief because a jury found the felony-murder special circumstance allegations true beyond a reasonable doubt, the judgment was affirmed on appeal, and a detailed *Banks* analysis was performed in the habeas case.

## II.    DISCUSSION

This court originally reversed the trial court's ruling, and the California Supreme Court granted review and held this case pending its decision in *Strong*, *supra*, 13 Cal.5th 698. After the California Supreme Court issued *Strong*, it remanded this case for reconsideration in light of *Strong*. Defendant filed a supplemental brief arguing that

8

*Strong* requires reversal of the trial court's order. The Attorney General did not file a supplemental response brief. We conclude that the trial court's order must be reversed.

In *Strong*, the California Supreme Court held that a felony-murder special circumstance finding made prior to its decisions in *Banks* and *Clark* does not categorically preclude a defendant from making a prima facie showing of eligibility for relief under section 1172.6. (*Strong*, *supra*, 13 Cal.5th at p. 720.) "Section 1172.6 offers resentencing for petitioners who have not been determined beyond a reasonable doubt to have the degree of culpability now required for a murder, attempted murder, or manslaughter conviction. Neither the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Ibid.*)

In this case, the jury's 1993 felony-murder special circumstance findings occurred before the California Supreme Court's rulings in *Banks* and *Clark* in 2015 and 2016. Hence, the 1993 findings did not preclude defendant from making a prima facie showing in support of a section 1172.6 petition. (*Strong*, *supra*, 13 Cal.5th at p. 721.) Nor is defendant precluded from making a prima facie showing by the rulings on his habeas petitions. (*Id*. at p. 720.) Consequently, the trial court erred in denying defendant's petition on the basis of the 1993 felony-murder special circumstance findings.

### III.    DISPOSITION

The trial court's order is reversed, and the matter is remanded with directions to issue an order to show cause and conduct further proceedings in accordance with Penal Code section 1172.6.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
DANNER, J.

_____
WILSON, J.

*People v. Mendoza*
**H047430**